FILED

1  Tammy Hussin (Bar No. 155290)
2  Lemberg & Associates, LLC
   6404 Merlin Drive
3  Carlsbad, CA 92011
4  Telephone (855) 301-2100 ext. 5514
   thussin@lemberglaw.com
5
6  Lemberg & Associates, LLC
   1100 Summer Street
7  Stamford, CT  06905
8  Telephone:  (203) 653-2250
   Facsimile:  (203) 653-3424
9
10 Attorneys for Plaintiff,
   Karolyn Porter
11

2012 NOV 20  AM 11: 06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY

12
13              UNITED STATES DISTRICT COURT
14            CENTRAL DISTRICT OF CALIFORNIA
15                   WESTERN DIVISION
16

| | |
|---|---|
| Karolyn Porter, | Case No.: **CV 12 9926-PJW** |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| vs. | **1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;** |
| Mandarich Law Group, LLP; and DOES 1-10, inclusive, | **2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

28
                                        COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiff, Karolyn Porter, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Karolyn Porter (hereafter "Plaintiff"), is an adult individual residing in Los Angeles, California, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      Defendant, Mandarich Law Group, LLP ("Mandarich"), is a address business entity with an address of 6301 Owensmouth Avenue, Suite 850, Woodland Hills, California 91367, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by Mandarich and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.      Mandarich at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.      The Debt

8.      The Plaintiff incurred a financial obligation in the approximate amount of $1,800.00 (the "Debt") to a creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.     The Debt was purchased, assigned or transferred to Mandarich for collection, or Mandarich was employed by the Creditor to collect the Debt.

11.     The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.      Mandarich Engages in Harassment and Abusive Tactics

12.     Within the last year, Mandarich filed a lawsuit against Plaintiff and served Plaintiff with the complaint and summons (the "Law Suit").

13.     Thereafter, on or about August 14, 2012, Plaintiff contacted Mandarich to request an extension of time within which she could file an answer in the Law Suit.

14.     During the initial conversation, Mandarich failed to inform Plaintiff it was speaking with her in an attempt to collect the Debt and that the information would be used for that purpose.

15.     Mandarich told Plaintiff that there was no opportunity for an extension to answer the complaint as a judgment had already been entered against Plaintiff in the Law Suit.

16.     Plaintiff requested that Mandarich provide her with a copy of judgment. Mandarich told Plaintiff that it would not provide her with a copy of the judgment and that she needed instead to immediately make arrangements with Mandarich to pay the Debt.

17.     Plaintiff informed Mandarich that she was interested in paying the Debt and offered to make monthly payments in an effort to reduce the amount owed until the Debt was fully satisfied.

18.     Mandarich responded that Plaintiff could not make monthly payments to Mandarich because it was "not a debt collection company, but a law firm." Mandarich further advised Plaintiff that she needed to make an immediate payment of $2,500.00 in order to "avoid consequences."

19.     Mandarich further stated that if the payment of $2,500.00 was not received immediately, Mandarich would begin levying Plaintiff's assets, including but not limited to her bank accounts, house, investments and automobile.

20.     Plaintiff informed Mandarich that she could not afford to pay the amount demanded. After some discussion, Mandarich then told Plaintiff it would accept $1,800.00 as settlement in full of the Debt if Plaintiff paid by the 30th day of August, 2012.

21.     Plaintiff indicated that she could not afford to pay the $1800.00, yet Mandarich demanded that Plaintiff provide it with a post-dated check over the phone to secure the arrangement.

22.     Mandarich informed Plaintiff that the judgment would remain on Plaintiff's credit report for 10 years unless the Debt was satisfied.

23.     Plaintiff again inquired about the judgment and requested information regarding the same. Mandarich responded by telling Plaintiff not to respond to the complaint and to concentrate instead on obtaining funds to make the demanded payment.

24.     Plaintiff said she would try to get a loan and call Mandarich back to make a payment.

COMPLAINT FOR DAMAGES

25.    Following the conversation, Mandarich began placing calls to Plaintiff at an excessive and harassing rate, sometimes calling Plaintiff four to five calls per day in an attempt to collect the Debt.

26.    On one occasion, Mandarich called Plaintiff at her place of employment in an attempt to collect the Debt.

27.    Plaintiff informed Mandarich that she was working and could not continue the call. Mandarich used a loud and aggressive tone with Plaintiff, insisting that Plaintiff was not entitled to end the conversation until a post-dated check was provided. Although Plaintiff continued to attempt to end the conversation, Mandarich's bullying tactics coerced Plaintiff to continue to the conversation against her will, causing Plaintiff to feel oppressed and worried that her employment could be in jeopardy.

28.    On one occasion, Plaintiff told Mandarich that she had applied for a loan but had not heard back from the credit union with an approval therefore Plaintiff could not pay the Debt yet.

29.    In response, Mandarich told Plaintiff that payment was required in order to encourage the judge in the Law Suit to "post-pone the judgment, and that the Law Suit was now "completed."  Mandarich threatened and bullied Plaintiff, insisting that she provide her bank account information to avoid further legal action. Plaintiff became so distressed and fearful of losing her assets because of the judgment, that she

COMPLAINT FOR DAMAGES

felt coerced into providing Mandarich with her bank routing and checking account number to settle the Debt.

30.     Plaintiff is informed and believes and thereon alleges that Mandarich never in fact obtained a judgment against her in the Law Suit.

**C.     Plaintiff Suffered Actual Damages**

31.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

32.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

33.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

34.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

36.    The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

37.    The Defendants used false, deceptive, or misleading representation or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

38.    The Defendants misrepresented the legal status of the debt, in violation of 15 U.S.C. § 1692e(2).

39.    The Defendants threatened the Plaintiff with attachment of his property if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

40.    The Defendants threatened to communicate false credit information, in violation of 15 U.S.C. § 1692e(8).

41.    The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

42.    The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

43.    The Defendants falsely informed the Plaintiff that no action was necessary when the Plaintiff had received legal process, in violation of 15 U.S.C. § 1692e(15).

44.    The Defendants used unfair and unconscionable means to collect a debt, in violation of 15 U.S.C. § 1692f.

COMPLAINT FOR DAMAGES

45.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

46.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ. Code § 1788 et seq.**

47.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

48.     The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

49.     Mandarich Law Group, LLP, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

50.     The Defendants threatened the Plaintiff with seizure of his property if the debt was not paid, without intending to take such action, in violation of Cal. Civ. Code § 1788.10(e).

51.     The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

52.     The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

53.     The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

54.     The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

55.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F.  Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy and intentional infliction of emotional distress in an amount to be determined at trial for the Plaintiff;

G.  Punitive damages; and

H.  Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  November 14, 2012   TAMMY HUSSIN

By:_____
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Karolyn Porter

11                                      COMPLAINT FOR DAMAGES

Tammy Hussin
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, California 92011
Telephone: (855) 301-2100 Ext. 5514
Facsimile: (203) 653-3424

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | CASE NUMBER |
|---|---|
| Karolyn Porter<br><br>PLAINTIFF(S)<br>v.<br>Mandarich Law Group, LLP; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CV 12 9926 —PJW<br><br><br>**SUMMONS** |

TO:    DEFENDANT(S):    Mandarich Law Group, LLP

A lawsuit has been filed against you.

Within   21   days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Tammy Hussin, of counsel Lemberg & Associates, whose address is 6404 Merlin Drive, Carlsbad, CA 92011.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____ NOV 2 0 2012 _____

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*